*Blackmer,* for plaintiff.

*Isham & Smith,* for the defendant.

## David McConnell *vs.* Asa Pike.

Where, on a trial before auditors, one of the parties introduced a witness who was objected to by the adverse party, because he suspected the witness was bail for the party offering him, but the objector could not show it, and the witness testified, it was held, that the court ought to have rejected the report.

Auditors should report the grounds of their decision upon every question of law raised before them, provided they are requested to do so ; and

If they refuse when so requested, that fact may be shown by affidavit, when the report will be rejected, and the cause sent back for a full report.

This case came before the Court on objections filed to the report of auditors in an action on *book account.* The report stated, that, on the trial before the auditors, the plaintiff offered in evi-

FRANKLIN,
January,
1832.

McConnell
vs.
Pike

dence the deposition of Lemira Abbott; which the defendant objected to on the ground that he had not had reasonable notice of the taking of said deposition. · It appeared that the citation was served on the defendant the same day on which the deposition was taken by the magistrate. The objection was overruled, and the deposition admitted. "The plaintiff then offered one Gregg as a witness. The defendant objected, stating that the witness was interested in the event of the suit. No interest being shown, he was admitted to give evidence. The defendant requested the auditors to state in their report the grounds on which they disallowed the charges on his book for keeping a horse sixteen weeks and two days, amounting to $10,84. The auditors were not satisfied, from any evidence that was introduced, that there was any contract, either expressed or implied, or that the services were rendered for the benefit of the plaintiff." A balance of $3,84 was found due to the plaintiff.

The defendant objected to the report of the auditors for the following reasons :

1. That the auditors allowed the deposition of Lemira Abbott to be read and received as evidence.

2. That the auditors permitted McDaniel Gregg, who was recognized in said suit, to testify as a witness.

3. Because the auditors, though requested, refused to state in their report the grounds on which they disallowed the charges on defendant's book for keeping a horse.

The county court overruled the objections, and accepted the report, and the case was reserved for the opinion of this Court.

After argument by *Hunt & Beardsley* for the defendant, and by *Allen* for the plaintiff,

HUTCHINSON, C. J., *pronounced the opinion of the Court.*—The defendant's counsel, in arguing these exceptions, seemed not fully to bear in mind, that the case comes up before us as by writ of error ; and we can notice nothing but errors that appear of record. The county court rendered judgement for the plaintiff, on the report of the auditors, notwithstanding the exceptions urged against that report by the defendant. The first exception relates to the admission of a deposition. The objections to it were, that the citation was served on the adverse party the same day on which the deposition was taken. Nothing appears about the distance of defendant or witness from the place of caption ;

nor does it appear, that the auditors were requested to report any such facts. Now we cannot decide, that the admission of this deposition was incorrect, unless we consider it impossible that proper notice, for the taking of a deposition, should ever be given on the same day with the taking of the deposition. We cannot so decide. There must be reasonable notice ; and that is all, that the law requires. And frequently, when all concerned live within a few rods of each other, and are not otherwise occupied, an hour's notice may be as beneficial as a longer time. Another exception is, that the auditors did not, when requested, report the grounds of their disallowing some charges of the defendant for keeping a horse three or four months. The reason assigned in their report is, that they were not satisfied from any evidence that was introduced, that there was any contract, either express or implied, or that the services were rendered for the benefit of the plaintiff. It would have been well for the defendant's counsel to have extended their request upon this point, to the reporting of the facts, as well as the grounds of the decision. In that case, it would have been well for the auditors, also, to have been more particular in their report of the facts about the keeping of the horse ; whether the defendant kept him at all ; and, if so, under what circumstances. They might say, if the fact were so, that the defendant kept such a horse, thus and thus; but not at the request of the plaintiff. In short, when thereto requested, the auditors should report what facts are proved before them with the particularity of a special ¡verdict, that the court may see, whether their decision upon those facts be correct ; and if not, decide for the other party without the expense of sending the cause again to auditors. They should, also, inform which items of the accounts they allow, and which they disallow, in words that can be read and understood ; and not merely in uncertain characters. I will here mention, what has often been mentioned. in court, but possibly not contained in the printed report of any case, that, if the report of auditors comes in without any such particular statement of facts, (we mean facts, and not the evidence of facts,) and these important to any litigated items,—on affidavits showing this, and showing a request to the auditors to make such special report, the report should be set aside, and recommitted, or the cause sent to new auditors to supply such defect in the report. This should be understood and observed, as a matter of practice ; and exceptions should not be made in court, without attention to make the proper requests before the auditors. Where no such request is

made, the auditors need not protract their report with such special details ; but merely follow the statute, by reporting all the items of the accounts of both parties, and stating which items they allow, and which they disallow ; and make the necessary *deductions* ; and report the balance due from either party.

There is a further objection, urged by the defendant, in the present case. It appears by the report, that the plaintiff's counsel offered before the auditors one McDaniel Gragg as a witness. The defendant objected to this witness on the ground of interest. The auditors then say, " no interest being shown, he was admitted to give evidence." On urging this exception before the county court, it appeared of record, that said witness was recognized in the sum of forty dollars in behalf of the plaintiff for the payment of the costs of suit, if he failed to recover. Here was an undoubted interest in the witness, and this apparent upon the record before the county court, but not intimated by any thing upon the rule, that went out to auditors. For this the county court ought to have rejected the report, unless the defendant was out of time in furnishing evidence of this interest. It is said in argument, that the witness was put under the *voir dire,* but did not seem to remember this interest. Of this we can take no notice now. But, whether it were so, or whether the defendant had no reason to suspect the interest, till he saw the record of the recognizance, would not vary the case. The plaintiff must be presumed to know who was his bail ; and his offering such a witness, while recollecting the fact, would be a deception upon the opposite party, and upon the auditors. If he proceeded through forgetfulness of a fact, he was thus bound to know, he must derive no benefit from a decision thus obtained. The county court, after noticing their own records of this recognizance, ought to have rejected the report. Their judgement is, therefore, reversed ; and the cause must be again submitted to auditors to make a report of the accounts to this Court.